UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN PUCHNER,

           **Petitioner,**

    v.                              Case No. 24-CV-478

MIKE MAXWELL, et al.,

           **Respondents.**

## ORDER AND RECOMMENDATION

John Puchner is a frequent filer in this district, having filed 19 civil cases, two bankruptcy appeals, and 16 habeas petitions dating back to the early-1990s. He even won a habeas case back in 1996. *Puchner v. Kruzicki*, 918 F. Supp. 1271 (E.D. Wis. 1996). He also filed one case in the Western District of Wisconsin in 2023, *see Puchner v. Neubauer*, No. 23-cv-183-jdp, 2023 U.S. Dist. LEXIS 60367, at *3 (W.D. Wis. Apr. 4, 2023), and 13 cases in the Court of Appeals for the Seventh Circuit since 2021. He is back before this court with yet another petition for a writ of habeas corpus, his eleventh in the past five years. He is limited to pursuing only habeas petitions because the Honorable J.P. Stadtmueller in 2021 barred him from filing any more civil cases for a few years. S*ee Puchner v. Maxwell*, No. 21-CV-596-JPS, 2021 U.S. Dist. LEXIS 101318, at *6 (E.D. Wis. May 28, 2021).

Puchner's petitions relate to him having been held in contempt by the Waukesha County Circuit Court for his "'willful and contemptuous' 'failure to pay child support', 'failure to pay arrears', 'failure to make payments towards [his spouse's] attorney's fees", 'failure to pay [his spouse's] stimulus funds', 'failure to notify [his spouse] of a substantial change in income', and violation of the court's work release order." *Puchner v. Waukesha Cty. Jail*, No. 23-cv-0505-bhl, 2023 U.S. Dist. LEXIS 132902, at *2 (E.D. Wis. Aug. 1, 2023) (quoting docket document).

Recently Puchner began naming as respondents various judges of this court. Because judges never have custody of any person, a federal judge is never a proper respondent in a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 or 2254 *See* Rule 2(a) of the Rules Governing Section 2254 Cases. Puchner persists in naming federal judges as respondents despite having been advised that the only proper respondent is the official having custody of him, *Puchner v. Waukesha Cty. Jail*, No. 23-cv-0505-bhl, 2023 U.S. Dist. LEXIS 76905, at *3 (E.D. Wis. May 3, 2023), and he has no basis for naming any federal judge, *Puchner v. Severson*, No. 22-C-891, 2022 U.S. Dist. LEXIS 148755, at *3 (E.D. Wis. Aug. 19, 2022). Because Puchner asserts that he is incarcerated at the Waukesha County Jail, the only proper respondent is the official who has legal custody of those inmates—Waukesha County Sheriff Eric J. Severson. The court will recommend that all other persons be dismissed from this action.

Puchner's persistence in naming district judges is, as Judge Griesbach recently noted, "an apparent attempt at judge shopping." *Puchner v. Severson*, No. 23-C-1523, 2024 U.S. Dist. LEXIS 3416, at *3 (E.D. Wis. Jan. 8, 2024); *see also Puchner v. Maxwell*, No. 22-C-1203, 2022 U.S. Dist. LEXIS 188783, at *2 (E.D. Wis. Oct. 17, 2022) ("It appears that Puchner is attempting to manipulate the system by naming the other federal judges in this district to judge shop.").

Because cases are assigned randomly, *see* Gen. L.R. 3(a) (E.D. Wis.), and a judge cannot preside in a case in which he or she is a party, by naming certain judges as parties Puchner seems to think that he can choose the judge who will be assigned his case. Notably, the only district judge Puchner did not name as a respondent is Judge Griesbach, whom he seems to favor because he believes that Judge Griesbach has already found his detention to be illegal. *See Puchner*, 2024 U.S. Dist. LEXIS 3416, at *3.

When a pro se litigant signs a filing, he is certifying that the filing "is not being presented for any improper purpose" and it is supported in both law and fact. Fed. R. Civ. P. 11(b). A litigant who frivolously names a judge as a party in an effort to manipulate case assignment violates Rule 11. Therefore, within **21 days** of this order Puchner shall show cause as to why sanctions, including monetary sanctions, should not be imposed for his apparent violation of Rule 11(b).

The court underscores that Rule 11 requires that "factual contentions have evidentiary support …." Fed. R. Civ. P. 11(b)(3). This requirement applies equally to both

substantive and superficial factual representations, whether it is, for example, the procedural history of a case[1] or how many views his YouTube video received.[2] *Any* assertion without proper legal or factual support could result in sanctions. Moreover, habeas petitions are signed under penalty of perjury. (ECF No. 1 at 8.) An untrue factual assertion could result in a prosecution for perjury.

Because a federal judge will never be a proper respondent in a habeas corpus petition, going forward the Clerk shall randomly assign any habeas petition filed by Puchner in this district without regard to who he names as a party.

As to the merits of Puchner's petition, it is largely unintelligible. It is marred by arrows, underlines, circles, stars, and handwriting of marginal legibility. He ranges from asserting that he is a political prisoner because he is "Donald Trumps [sic] most visible supporter in Wisconsin" (ECF No. 1 at 8), to complaining that a state judge required him to testify by phone (ECF No. 1 at 2), saying that every judge ignores him because he is a male who is representing himself (which he describes as a mortal sin) (ECF No. 1 at 4), talking about playing piano at an investiture (ECF No. 1 at 6), asserting that the state court judge incarcerated him "solely for the purpose of having me raped by a big black

---

[1] For example, Puchner states he filed a motion under 28 U.S.C. § 2255. The court has not identified any such motion, which is to be expected because there is no indication that Puchner has been convicted of a federal offense.

[2] Puchner states that his YouTube video "I am Chelsea" has received "500,000 views." (ECF No. 1 at 5.) The video the court identified as fitting Puchner's description depicts a man wearing a bandana, shaking a maraca, and banging a drum outside Milwaukee's federal courthouse. It states that it has received 37 views to date.

man named Bubba over and over again in the jail shower," and that his "wife fucks the kid's teacher / brother every Saturday night" (ECF No. 1 at 6). He attached various documents, including medical records, an email that seems to be between jail officials (ECF No. 1-1 at 9), and a church program (ECF No. 1-2 at 2).

Puchner expresses that he is upset and regards his circumstances as profoundly unjust. But he has not framed these matters in the terms of a cognizable claim for habeas relief. Even liberally construing his petition and aided by some familiarity with Puchner's litigation history, the court cannot discern a plausible claim for relief from the face of his present petition.

Moreover, as Judge Griesbach noted in Puchner's most recent unsuccessful petition, he has not exhausted his remedies in state court. *See Puchner*, 2024 U.S. Dist. LEXIS 3416, at *7. Although Puchner used a standard form for a petition for a writ of habeas corpus under 28 U.S.C. § 2241, because it appears that he is in custody pursuant to the judgment of a state court, 28 U.S.C. § 2254 would seem to be the proper basis for his petition. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). The distinction, however, is inconsequential at this point because courts may apply the Rules Governing Section 2254 Petitions to both types of petitions, *see* Rule 1(b) of the Rules Governing Section 2254 Cases; Civ. L.R. 9(a)(2), and exhaustion of state court remedies is required under either statute, *see Gonzalez v. O'Connell,* 355 F.3d 1010, 1016 (7th Cir. 2004).

Since Judge Griesbach's decision in January, Puchner has cleared certain obstacles. No longer is there a substantially identical petition still pending. His most-recent efforts before the Court of Appeals for the Seventh Circuit ended on April 17, 2024. *See* Ct. App. Docket Nos. 24-1310; 24-1045. And the Wisconsin Court of Appeals issued a decision in one of his appeals on May 1, 2024. (ECF No. 5-1.) But the Wisconsin Court of Appeals' decision addressed the narrow question of whether the circuit court correctly denied Puchner's petition to waive transcript fees. (ECF No. 5-1.) He has not pointed to any decision by the Wisconsin Court of Appeals that addressed the merits of his detention in terms of a claim that is cognizable in a federal habeas petition. Nor has he demonstrated that the Wisconsin Supreme Court was presented with a properly filed challenge to his custody.

The court reiterates what federal judges have told Puchner many times: before he may pursue a petition for a writ of habeas corpus in federal court he must exhaust his claims in the Wisconsin courts. *See, e.g.*, *Puchner*, 2023 U.S. Dist. LEXIS 76905, at *6 ("If the petitioner 'either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits.'" (quoting *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001))).

Additionally, a federal court can provide habeas relief only for violations of federal law. It cannot provide relief for grievances about a state court's procedures or complaints about violations of state law. *See Puchner*, 2023 U.S. Dist. LEXIS 76905, at *3.

6

Case 2:24-cv-00478-JPS    Filed 05/03/24    Page 6 of 11    Document 7

In cases like Puchner's, this almost always means that the petitioner must show a violation of the Constitution. Therefore, before filing a federal habeas petition a person in Puchner's position almost always must present the same constitutional claims, supported by the same arguments, to the Wisconsin Circuit Court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court. This means he must pursue the merits of his claim. It is not enough to challenge tangential or collateral matters like whether to waive transcript fees or if a sentence should be stayed. The court hedges its statements with phrases like "almost always" because there are generally exceptions in any law, but it reiterates that there is no hint that any of the very narrow exceptions to these principles may apply to Puchner.

As the judges of this court have noted, buried under his rantings, Puchner may have a plausible claim. It is possible that the Waukesha County Circuit Court confused civil and criminal contempt and as a result violated certain constitutional rights. *Puchner*, 2023 U.S. Dist. LEXIS 76905, at *5; *Puchner v. Severson*, No. 22-C-891, 2022 U.S. Dist. LEXIS 177005, at *5 (E.D. Wis. Sep. 29, 2022). But there are certain procedures that must be followed before a federal court can consider those claims. Frivolous or tangential filings may have the effect of only delaying or denying the federal court's ability to review the merits of his claim. *See Puchner*, 2022 U.S. Dist. LEXIS 188783, at *5 (noting that a habeas petition challenging a civil contempt order becomes moot when the petitioner is released from custody) (citing *Puchner v. Kruziki*, 111 F.3d 541, 543-44 (7th Cir. 1997)).

Moreover, Puchner's repeated filings may have already created their own bar to relief. *See Puchner v. Severson*, No. 22-cv-1229-pp, 2022 U.S. Dist. LEXIS 232953, at *20 (E.D. Wis. Dec. 29, 2022). A person generally may file only a single habeas petition regarding the same underlying judgment. *See* 28 U.S.C. § 2244(b)(1). If his claims are not already barred under the second or successive petition rule, every subsequent premature habeas petition carries with it the risk of forfeiting his opportunity to ultimately have a federal court review his claim.

Persistent frivolous habeas petitions may also result in sanctions. *See Bey v. United States*, No. 1:16-cv-01403-JBM, 2016 U.S. Dist. LEXIS 147125, at *6 (C.D. Ill. Oct. 25, 2016) (imposing $500 fine for persistent frivolous habeas petitions and barring any filing until the fine is paid); *Hall v. Pollard*, No. 14-C-793, 2014 U.S. Dist. LEXIS 103296, at *4 (E.D. Wis. July 28, 2014); *see also Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997) (fining petitioner $500 for having repeatedly filed frivolous requests for leave to file successive collateral attacks and barring any civil filing until the fine is paid); *Noel v. Neal*, No. 23-1406, 2023 U.S. App. LEXIS 15656, at *2 (7th Cir. Mar. 27, 2023) (same); *Smith v. Gilmore*, 111 F.3d 55, 56 (7th Cir. 1997) (affirming district court's monetary sanction for petitioner's frivolous petitions). In persistently filing actions after being repeatedly told that the court cannot consider his petition, Puchner has needlessly diverted significant resources of this court away from the many pending meritorious matters. *See United States v. Robinson*, 251 F.3d 594, 596 (7th Cir. 2001). The judges of this

8

Case 2:24-cv-00478-JPS    Filed 05/03/24    Page 8 of 11    Document 7

court have repeatedly and clearly told Puchner that it is possible he has a claim, but the court cannot consider it yet. The judges have also made it very clear what Puchner must do before the court can consider any potential claim—exhaust his state court remedies. He must heed these warnings or else he may find himself facing further sanctions.

Finally, Puchner filed a motion in which he offers various odd tangents and commentary, but the only relevant argument the court can discern is that he asks this court to stay his state sentence because, if it is not stayed, he will complete his sentence and therefore lose his chance for federal habeas review. (ECF No. 3.) He is correct that a federal habeas petition challenging a civil contempt finding becomes moot if the petitioner completes his sentence and is released from custody. *Puchner v. Kruziki*, 111 F.3d 541, 543-44 (7th Cir. 1997). But that fact does not, by itself, merit the extraordinary step of a federal court staying a state court sentence. *Cf. United States ex rel. Stevens v. Circuit Court of Milwaukee Cty., etc.*, 675 F.2d 946, 947 (7th Cir. 1982) (noting that a stay under 28 U.S.C. § 2251 would "violate[] the principle of 28 U.S.C. § 2283 as construed in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts do not lightly enjoin state criminal proceedings").

Although it is obvious that Puchner has pursued a lot of challenges to the state court judgment, he has not demonstrated that he has proceeded diligently with his state court appeals, that any such appeal includes a meritorious claim that is cognizable in a federal habeas petition, or that the state courts are unlikely to resolve his claim

9
Case 2:24-cv-00478-JPS Filed 05/03/24 Page 9 of 11 Document 7

expeditiously. And again, Puchner has not even presented a plausible claim for relief in his present petition. The court's observation that Puchner may have a meritorious claim is not based on anything contained in his current petition (again, his petition is largely unintelligible) but is based on the court's overall review of the whole records of proceedings involving Puchner. Without Puchner first filing a meritorious habeas petition, there could be no basis for a stay. *See Bundy v. Wainwright*, 808 F.2d 1410, 1421 (11th Cir. 1987).

**IT IS THEREFORE ORDERED** that within **21 days** Puchner shall show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11(c) for having named as respondents "Bret [sic] Ludwid [sic]," "Hon. Pepper," "Hon. Adelman" and "Hon. J.P. Staadmudler [sic]."

**IT IS FURTHER RECOMMENDED** that Judges Pepper, Stadtmueller, Adelman, Ludwig, Neubauer, and Maxwell be dismissed as respondents in this action.

**IT IS FURTHER ORDERED** that the Clerk shall randomly assign any subsequent habeas petition filed by Puchner without regard to whether any judge is named as a respondent.

**IT IS FURTHER ORDERED** that this action shall be randomly assigned to a district judge for review of this Recommendation and Order and consideration of what, if any, sanctions are appropriate for Puchner's apparent violation of Rule 11.

**IT IS FURTHER RECOMMEND** that the motion to stay (ECF No. 3) be **denied.**

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Civ. P. 72(a) and (b)(2) any written objection to any order or recommendation herein or part thereof shall be filed within fourteen days of the date of service of this recommendation and order. Failure to file a timely objection with the district court will result in a waiver of a party's right to review.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge