# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN D. PUCHNER,

           Petitioner,

v.

MIKE MAXWELL and ERIC SEVERSON,

           Respondents.

Case No. 24-CV-478-JPS

**ORDER**

## 1. INTRODUCTION AND PROCEDURAL HISTORY

In April 2024, Petitioner John D. Puchner ("Petitioner") filed a petition for a writ of habeas corpus, ostensibly under 28 U.S.C. § 2241, naming as respondents Mike Maxwell ("Maxwell"), Lisa Neubauer ("Judge Neubauer"), Eric Severson ("Severson"), Brett Ludwig ("Judge Ludwig"), Hon. Pepper ("Judge Pepper"), Honorable Adelman ("Judge Adelman"), and Hon. Stadtmueller ("Judge Stadtmueller"). ECF No. 1. He also moved the Court for a "stay or furlough," apparently of his state sentence, in order to preserve his habeas challenge. ECF No. 3.

Petitioner seeks habeas relief after having been found in contempt of court in his contentious civil divorce proceedings in Waukesha County Circuit Court, which proceedings have been ongoing for over five years.[1] The number of docket entries in that case have nearly doubled since

---

[1] *In re the Marriage of Marya L. Puchner and John D. Puchner*, Case No. 2019FA00089 (Waukesha Cnty. Cir. Ct. 2019) available at https://wcca.wicourts.gov/caseDetail.html?caseNo=2019FA000089&countyNo=67&index=0 (last visited June 24, 2024).

Petitioner was last before this branch of the Court, skyrocketing from 600 entries in 2021 to over 1,160 entries today.

In early May 2023, Magistrate Judge William E. Duffin entered an order and recommendation on Petitioner's § 2241 petition. ECF No. 6. Magistrate Judge Duffin began by recounting Petitioner's prolific litigation history, noting that the instant habeas petition was Petitioner's "eleventh in the past five years." *Id*. at 1. In the instant petition, Magistrate Judge Duffin noted, Petitioner had named as respondents various federal judges in a blatant attempt at "judge shopping"—a practice that Petitioner has been called out for before. *Id.* at 2–3 (citing *Puchner v. Severson*, No. 23-CV-1523, 2024 U.S. Dist. LEXIS 3416, at *3 (E.D. Wis. Jan. 8, 2024) and *Puchner v. Maxwell*, No. 22-CV-1203, 2022 U.S. Dist. LEXIS 188783, at *2 (E.D. Wis. Oct. 17, 2022)). "[D]espite having been advised that the only proper respondent is the official having custody of him," Petitioner nevertheless continues to baselessly name other parties as respondents in his habeas actions. *Id.* at 2 (citing *Puchner v. Waukesha Cnty. Jail*, No. 23-CV-505-bhl, 2023 U.S. Dist. LEXIS 76905, at *3 (E.D. Wis. May 3, 2023)). Magistrate Judge Duffin accordingly recommended that all respondents except for Severson—Petitioner's current institutional custodian—be dismissed from the action. *Id.* He also ordered Petitioner to show cause as to why sanctions should not be imposed against him. *Id.* at 3–4 (citing Fed. R. Civ. P. 11(b)); *id.* at 8 (noting that "[p]ersistent frivolous habeas petitions may also result in sanctions") (collecting cases).

With respect to the merits of the § 2241 petition, Magistrate Judge Duffin noted that it was "largely unintelligible," "marred by arrows, underlines, circles, stars, and handwriting of marginal legibility," and permeated by fantastical allegations. *Id.* at 4–5 ("[He] assert[s] that the state

court judge incarcerated him 'solely for the purpose of having [him] raped by a big black man named Bubba over and over again in the jail shower'" (quoting ECF No. 1 at 6)); *id.* at 5 ("[He asserts] that his 'wife fucks the kid's teacher / brother every Saturday night'" (quoting ECF No. 1 at 6)). "Even liberally construing his petition," Magistrate Judge Duffin wrote, "the court cannot discern a plausible claim for relief . . . ." *Id.* at 5.

Moreover, Magistrate Judge Duffin noted, Petitioner failed to exhaust his remedies in state court. *Id.* at 5–6 (citing *Puchner*, 2024 U.S. Dist. LEXIS 3416, at *7 and *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)) ("He has not pointed to any decision by the Wisconsin Court of Appeals that addressed the merits of his detention in terms of a claim that is cognizable in a federal habeas petition. Nor has he demonstrated that the Wisconsin Supreme Court was presented with a properly filed challenge to his custody."). Further, Petitioner's "repeated filings may have already created their own bar to relief," since "[a] person generally may file only a single habeas petition regarding the same underlying judgment." *Id.* at 8 (citing *Puchner v. Severson*, No. 22-CV-1229-pp, 2022 U.S. Dist. LEXIS 232953, at *20 (E.D. Wis. Dec. 29, 2022) and 28 U.S.C. § 2244(b)(1)). "The judges of this court have . . . made it very clear what [Petitioner] must do before the court can consider any potential claim—exhaust his state court remedies. He must heed these warnings or else he may find himself facing further sanctions." *Id.* at 9.

Finally, with respect to Petitioner's motion to stay, ECF No. 3, Magistrate Judge Duffin concluded that Petitioner had not demonstrated that his case "merit[ed] the extraordinary step of a federal court staying a state court sentence" and recommended that the motion be denied. *Id.* at 9–10 (citing *Puchner v. Kruziki*, 111 F.3d 541, 543–44 (7th Cir. 1997) and *United*

Page 3 of 16
Case 2:24-cv-00478-JPS   Filed 06/24/24   Page 3 of 16   Document 11

*States ex rel. Stevens v. Cir. Ct. of Milwaukee Cnty.*, 675 F.2d 946, 947 (7th Cir. 1982)); *id.* ("Although it is obvious that [Petitioner] has pursued a lot of challenges to the state court judgment, he has not demonstrated that he has proceeded diligently with his state court appeals, that any such appeal includes a meritorious claim that is cognizable in a federal habeas petition, or that the state courts are unlikely to resolve his claim expeditiously.").

On May 7, 2024, just five days after the docketing of the order and recommendation, Petitioner filed an amended petition using a § 2254 form. ECF No. 8. He therein omits as respondents Judges Pepper, Neubauer, Ludwig, Adelman, and Stadtmueller, but he retains as respondents Maxwell[2] and Severson. *Id.* at 2. He has not otherwise filed anything in response to Magistrate Judge Duffin's order to show cause, and for most of the habeas form's prompts and questions, he refers the Court back to his original petition. Petitioner has also filed what he titled an emergency motion for a continuance, ECF No. 9, and a second emergency motion for a continuance, ECF No. 10.

For the reasons discussed herein, the Court will overrule as mooted by Petitioner's amended petition Magistrate Judge Duffin's recommendation to the extent that it recommends that Judges Pepper, Neubauer, Stadtmueller, Adelman, and Ludwig be dismissed as respondents. The Court will adopt the recommendation to the extent that it recommends that Maxwell be dismissed as a respondent from the action, as well as to the extent that it recommends that Petitioner's motion to stay, ECF No. 3, be denied. The Court also concludes that Petitioner failed to

---

[2]Maxwell is not a custodian of a state correctional institution, let alone the one at which Petitioner is currently confined. He is, instead, the circuit court judge who presided over Petitioner's divorce. *Severson*, 2024 U.S. Dist. LEXIS 3416, at *3.

appropriately show cause as ordered by Magistrate Judge Duffin and will accordingly broaden the scope of the filing bar to which he is subject and impose a monetary sanction. Finally, the Court will deny Petitioner's amended petition, motion to stay, and emergency motions for continuance, and dismiss this case.

## 2. STANDARDS OF REVIEW

When reviewing a magistrate judge's recommendation, the Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3). The Court's review encompasses both the magistrate judge's legal analysis and factual findings. *Thomas v. Arn*, 474 U.S. 140, 147, 154 (1985).

Rule 4 of the Rules Governing Section 2254 Cases applies to petitions for release from custody brought under 28 U.S.C. § 2241. Rule 1(b), Rules Governing Section 2254 Proceedings; Civ. L.R. 9(a)(2). This rule requires the Court to conduct a screening or "preliminary review" of the petition. At the screening stage,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .

Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Tr. of Rex Hosp.*, 425 U.S. 738, 740 (1976)), but not any of his legal conclusions.

Rule 4 enables the district court to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Respondent—the individual in charge of the institution where Petition is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition.

3.  **LAW AND ANALYSIS**

    3.1  **Motions for Stay and Continuance**

The Court begins with Petitioner's motion to stay his state sentence, ECF No. 3, and his motions for a continuance, ECF Nos. 9, 10. In the motion to stay, Petitioner writes that he needs a stay of his state sentence because otherwise he "may lose [his] habeas rights" and that he will choose to remain in jail, even beyond the conclusion of his state sentence, "until [his] federal hearing" in order to preserve his habeas challenge. ECF No. 3 at 1; ECF No. 6 at 9. As Judge Duffin noted, in circumstances such as these, the fact that Petitioner's habeas challenge may be mooted by the completion of his sentence and his release from custody is an insufficient basis for the Court to intervene and order that the state sentence be stayed. ECF No. 6 at 9 (citing *United States ex rel. Stevens*, 675 F.2d at 947). To suggest otherwise would be illogical; at bottom, Petitioner seeks through habeas corpus his release from what he characterizes as an illegal confinement. Yet he essentially asks the Court to order that he remain in jail even after his

sentence concludes so that his habeas challenge is not mooted. This makes no sense. He asserts that "[a] stay must be granted . . . or [he] will [be] out and may lose [his] habeas rights," ECF No. 3 at 1, but the only relief that habeas can achieve is release from custody, which is precisely what Petitioner wants to put off.

Petitioner's motions for a continuance will also be denied. They are, and have consistently been across Petitioner's habeas litigation, largely incoherent, and they include many irrelevant allegations of questionable veracity. ECF No. 9 at 1 ("In the future, I will win the governorship of the state based mostly upon my Huber the Musical fame."); *id.* at 1 ("I love jail and will be singing and dancing there the rest of my life . . . ."); *id.* at 1 ("Party of sloth, lies, and hatred tries to bring back cheating drop boxes."); ECF No. 10 at 2 ("If I do ANYTHING outside of my preset perimeter, I get thrown into solitary . . . . This would NOT be good for the 8 (now 9—my wife had a love child with her adulterer. We are Catholic) children.").

For all these reasons, the Court will adopt Magistrate Judge Duffin's recommendation to the extent that it recommends that Petitioner's motion to stay, ECF No. 3, be denied, and the Court will deny Petitioner's motions for a stay and for a continuance, ECF Nos. 3, 9, 10.

### 3.2     Inclusion of Maxwell and Federal Judges as Respondents

The Court next addresses the fact that, despite having been told numerous times that the "only proper respondent" is Severson, Petitioner has continued to file petitions naming other individuals. *Severson*, 2024 U.S. Dist. LEXIS 3416, at *3 (citing 29 U.S.C. § 2242 and *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)); *Waukesha Cnty. Jail*, 2023 U.S. Dist. LEXIS 76905, at *2–3 (same) (citing *Reimnitz v. State's Att'y of Cook Cnty.*, 761 F.2d 405, 409 (7th Cir. 1985)). In the instant action, Magistrate Judge Duffin could not have

Page 7 of 16
Case 2:24-cv-00478-JPS     Filed 06/24/24     Page 7 of 16     Document 11

made it any clearer: "[T]he only proper respondent is the official who has legal custody of inmates—Waukesha County Sheriff Eric J. Severson." ECF No. 6 at 2. Notwithstanding these clear directives, Petitioner still lists Maxwell—a state court judge, *see supra* note 2—as a respondent in his amended petition. ECF No. 8 at 2. This is improper, and Petitioner knows it. And although he omitted the various federal judges as respondents from his amended petition, he should never have included them as respondents in the first place, and he knows that, too. *Severson*, 2024 U.S. Dist. LEXIS 3416, at *3 (noting that Petitioner's inclusion of four federal judges as respondents was "an apparent attempt at judge shopping" and dismissing those judges as respondents accordingly); *Waukesha Cnty. Jail*, 2023 U.S. Dist. LEXIS 76905, at *2–3.

This Court has already entered a filing bar against Petitioner, *Puchner v. Maxwell,* No. 21-CV-596-JPS, 2021 U.S. Dist. LEXIS 101318, at *5–6 (E.D. Wis. May 28, 2021) (citing *Westefer v. Snyder*, Nos. 00-162-GPM and 00-708-GPM, 2011 U.S. Dist. LEXIS 1 (S.D. Ill. Jan. 1, 2011) and *Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010)), but he continues to flout court directives. Magistrate Judge Duffin also ordered Petitioner to show cause as to why he should not be sanctioned for, inter alia, repeatedly and baselessly naming incorrect parties as respondents. ECF No. 6 at 3–4. Petitioner omitted at least some of those individuals from his amended petition, but he did not otherwise show cause. Nor did he attempt to deny that he had already been told, and therefore already knew, all that which Magistrate Judge Duffin told him again. Petitioner cannot escape sanctions merely by filing a new operative petition and acting as if he has not blatantly disregarded the orders of nearly every federal judge in this District.

The Court's previous filing bar was apparently insufficient. It has not prevented Petitioner from inundating this District with improper and duplicative habeas litigation. The Court will accordingly order the following: First, the date on which Petitioner may move the Court to rescind or modify the filing bar imposed in Case No. 21-CV-596 will be appropriately extended. The Court originally ordered in 2021 that Petitioner could not seek to rescind or modify the filing bar until May 28, 2024 (which has since passed). *Maxwell*, 2021 U.S. Dist. LEXIS 101318, at *6. The Court now orders that Petitioner may seek to rescind or modify that filing bar, if at all, no earlier than five (5) years from the date of this Order. Any premature challenge to the filing bar shall be returned unfiled by the Clerk of Court.

Second, the Court will impose a monetary sanction in the amount of $2,500. This amount is immediately due and payable to the Clerk of Court. Until such time as it has been paid in full, Petitioner will not be allowed to initiate any new habeas cases, nor file anything in any of his previously filed federal habeas cases, spare for a notice of appeal in the instant case.[3] *See Henry v. United States*, 360 F. App'x 654, 656 (7th Cir. 2010) ("Courts have ample authority to curb abusive and repetitive litigation with the imposition of a number of filing restrictions, so long as the restrictions imposed are narrowly tailored to the nature and type of abuse and do not pose an absolute bar to the courthouse door.") (collecting cases); *Reed v. PF of Milwaukee Midtown, LLC*, 16 F.4th 1229, 1232 (7th Cir. 2021) ("A court may

---

[3]Petitioner is also still prohibited from filing non-habeas civil actions, as stated in the Order originally imposing the filing bar against him. *Maxwell,* 2021 U.S. Dist. LEXIS 101318, at *6.

halt the abuse of the judicial process, which imposes substantial costs on people and businesses that have done no wrong. *Everyone* has a duty to avoid frivolous suits and arguments, and a person who cannot or will not abide by that rule must be stopped . . . .").

The Court will also reiterate that which Magistrate Judge Duffin ordered: that due to Petitioner's apparent attempts at judge shopping, the Clerk of Court shall randomly assign any subsequent habeas petition filed by Petitioner without regard to whether any judge is named as a respondent. And should Petitioner continue to name improper individuals as respondents in any future habeas petition, he will be subject to further sanctions.

### 3.3 Denial of Instant Petition

Even if he had not listed improper individuals as respondents in this action, this habeas action would nevertheless be subject to summary dismissal. As Magistrate Judge Duffin noted, the original petition is largely unintelligible. ECF No. 6 at 4. Petitioner does not cure that deficiency through his amended petition because he simply refers back to the original petition for the substance of his allegations. *See generally* ECF No. 8. As a procedural matter, his attempt at incorporating the allegations of his original petition into his amended one by reference is technically improper; his operative petition should be complete in and of itself.

But that is the least of anyone's concerns with respect to this action. That Petitioner took the opportunity to amend his petition but did not render his allegations any more plausible or intelligible is ground for denial of the petition in and of itself. "In order to substantially comply with Rule 2(c), a petitioner must state specific, particularized facts which entitle him . . . to habeas corpus relief for each ground specified. These facts must

Page 10 of 16
Case 2:24-cv-00478-JPS    Filed 06/24/24    Page 10 of 16    Document 11

consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas review." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 8:3 (2023) (citing *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990)). "A federal court is not required to review the entire state court record to ascertain whether facts exist which support relief." *Id.* Could the Court scour through Petitioner's extensive litigation history, set aside the mountains of nonsensical and fantastical extraneous allegations, and draw a rough picture of the relief he seeks and the basis for it? Perhaps. But the Court has neither the time, the inclination, nor the obligation to do so. *Id.* (citing *Adams*, 897 F.2d at 333). It is Petitioner's own obligation to make his petition "legible and intelligible," *id.* (citing *Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 (2d Cir. 2006) and *Edwards v. Johns*, 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006)), and "[s]ummary dismissal is appropriate under Rule 4 where the allegations in the petition are 'vague [or] conclusory,' 'palpably incredible' or 'patently frivolous or false,'" *id.* § 8:22 (quoting *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)). Accordingly, on this basis, the Court is entitled to deny his petition and dismiss his case with prejudice. *See id.* ("[A] summary dismissal by a federal court constitutes a ruling on the merits of a petitioner's or movant's claims." (quoting *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011))).

Petitioner's petition is, in any event, also subject to dismissal on the alternative basis that Petitioner has not clearly demonstrated that he exhausted his remedies in state court. ECF No. 6 at 5–7 ("[A]s Judge Griesbach noted in [Petitioner's] most recent unsuccessful petition, he has not exhausted his remedies in state court." (citing *Severson*, 2024 U.S. Dist. LEXIS 3416, at *7)). The Seventh Circuit applies the exhaustion doctrine to

both § 2241 and § 2254 petitions alike. *See Neville v. Cavanaugh,* 611 F.2d 673, 675 (7th Cir. 1979) ("[T]he doctrine of exhaustion of state remedies . . . applies to pre-trial, as well as post-trial, habeas corpus petitions.") (citing *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 489–92 (1973); *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979); and *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975)). This "doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). Petitioner did not object to Magistrate Judge Duffin's representation that Petitioner failed to exhaust his state remedies. He has therefore waived his right to so argue. ECF No. 6 at 11 ("Failure to file a timely objection with the district court will result in a waiver of a party's right to review.").

In light of the foregoing, and having determined that his petition is subject to summary dismissal which constitutes a ruling on the merits of the petition, the Court orders that Petitioner must seek and receive approval from the Seventh Circuit to file any future federal habeas petition arising out of his state divorce proceeding (in addition to the requirement that he first remit the entirety of the monetary sanction imposed). The Court so orders because "[c]laims raised in a second or successive petition that were previously presented in a prior application" and were disposed of on their merits "*must* be dismissed." BRIAN R. MEANS, FEDERAL HABEAS MANUAL, § 11:22 (2023) (citing 28 U.S.C. § 2244(b)(1)); *Garrett v. United States*, 178 F.3d 940, 942 (7th Cir. 1999) ("[I]n order for a habeas petition to be considered successive, the previous motion must have been denied on the merits.") (citing *Bennett v. United States*, 119 F.3d 470, 471 (7th Cir. 1997)).

## 4. CONCLUSION

For the reasons discussed herein, the Court will deny Petitioner's petition, deny his motions for a stay and a continuance, and dismiss this case with prejudice.

Having denied Petitioner the writ of habeas corpus he seeks, the Court must now evaluate whether it must issue a certificate of appealability to him. *See Evans v. Cir. Ct.*, 569 F.3d 665, 666 (7th Cir. 2009) (confirming that "a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release [under 28 U.S.C. § 2241], needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus" (citing *Stringer v. Williams*, 161 F.3d 259, 261–62 (5th Cir. 1998) and *Wilson v. Belleque*, 554 F.3d 816, 821, 824–25 (9th Cir. 2009))); *see also* Rule 11(a) of the Rules Governing Section 2254 Cases. To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), a petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). No reasonable jurists could debate whether the petition has merit. The Court must, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner John D. Puchner's motion to stay or furlough, ECF No. 3, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner John D. Puchner's emergency motion for continuance, ECF No. 9, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner John D. Puchner's second emergency motion for continuance, ECF No. 10, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 6, be and the same is hereby **OVERRULED as mooted** by Petitioner's amended petition, ECF No. 8, to the extent that it recommends that Judges Pepper, Neubauer, Ludwig, Adelman, and Stadtmueller be dismissed as respondents from this action; Magistrate Judge Duffin's report and recommendation, ECF No. 6, be and the same is hereby **ADOPTED** to the extent that it recommends that Petitioner John D. Puchner's motion to stay, ECF No. 3, be denied; Magistrate Judge Duffin's report and recommendation, ECF No. 7, be and the same is **ADOPTED** to the extent that it recommends that Mike Maxwell be dismissed as a respondent from this action;

**IT IS FURTHER ORDERED** that Mike Maxwell be and the same is hereby **DISMISSED** as a respondent from this action;

**IT IS FURTHER ORDERED** that Petitioner John D. Puchner may seek to rescind or modify the filing bar imposed in Case No. 21-CV-596, if at all, no earlier than five (5) years from the date of this Order. Any premature challenge to the filing bar shall be returned unfiled by the Clerk of Court;

**IT IS FURTHER ORDERED** that Petitioner John D. Puchner shall pay to the Clerk of Court a monetary sanction in the amount of $2,500, effective immediately; until he has paid the entire $2,500, the Clerk of Court

is ordered to return unfiled any new petitions and supporting materials, as well as any documents sought to be filed in any of Petitioner's previously filed federal habeas cases, except for a notice of appeal in the instant case;

**IT IS FURTHER ORDERED** that Petitioner John D. Puchner must additionally seek and receive approval from the Seventh Circuit to file any future federal habeas petition arising out of his state divorce proceeding. A copy of such approval, should it be granted, must accompany any future habeas petition arising out of his state divorce proceeding. The Clerk of Court shall return unfiled any new petition arising out of Petitioner's state divorce proceeding unaccompanied by a copy of such Seventh Circuit approval;

**IT IS FURTHER ORDERED** that the Clerk of Court shall randomly assign any subsequent habeas petition filed by Petitioner without regard to whether any judge is named as a respondent;

**IT IS FURTHER ORDERED** that Petitioner's amended petition, ECF No. 8, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.